## DANIEL DAILEY V. SONNERBORN & CO.

1. The case of Underwood v. Parrott, 2 Texas, 171, cited as laying down the correct rules governing the admission in evidence of merchants' books containing the original entries of the sales.

2. No books or entries of the buyer are admissible in his behalf, to prove that the articles purchased by him were different in items or price from those shown by the books or other evidence of the seller. The rule admits the books of the seller, but excludes those of the buyer, for reasons expounded in the opinion delivered in this case.

APPEAL from Houston. Tried below before the Hon. L. W. Cooper.

The appellees sued the appellant on promissory notes transferred to the plaintiffs by one J. C. Miller. The defendant pleaded offsets consisting of sundry articles sold by him to Miller, before the latter transferred the notes to the plaintiffs. Miller was made a party plaintiff, and on the trial of the cause, after the defendant had given evidence of his offsets, he introduced his books to show that the offsets claimed by the defendant were different in kind and price than those of which the defendant had given evidence. The defendant ob-

jected to Miller's books being admitted; but the court
overruled his objections, and he took his bill of excep-
tions. His offsets being disallowed by the jury, and
his motion for a new trial being overruled by the
court, he prosecutes this appeal, and assigns the ruling
on the evidence for error.

*A. M. Jackson*, for the appellant.

No brief for the appellee.

OGDEN, J.—There was an error in the rulings of the
court below, in permitting the books of J. C. Miller to
be used in evidence, to prove that the articles pur-
chased by him from the defendant, Dailey, were differ-
ent in items and price from those shown by the testi-
mony of the defendant, which will require a reversal of
the judgment.

That the books of merchants and others who keep
regular and correct books, may be used in evidence to
prove the articles sold and delivered by such merchant
or other persons, can hardly be called in question at
the present day.

The rule for many years was strenuously resisted by
the ablest jurists of the country, as opening a door to
fraud and injustice; but a supposed necessity has
forced its adoption, and it is believed to be now recog-
nized by nearly, if not quite, all the courts of this coun-
try, and yet that rule is admitted with many restric-
tions, and subject to many exceptions.

This subject was ably reviewed, and the rule, with
the restrictions, definitely prescribed by Justice
Wheeler, in Underwood v. Parrott, 2 Texas 171.

It is then confined to the merchant or seller of goods
and does not extend to the purchaser.

We have been unable to find any authority which

would admit the books of the purchaser, to prove the articles received or the price to be paid. Such are not the original entries, made at the time of the sale and purchase ; nor are they the entries of the articles sold, but simply memoranda of articles received.

Goods being transferred from the place of sale to where they are received by the purchaser, are liable to change, deterioration and loss, and it certainly would be unjust to subject the merchant to such risks. Besides, there is a greater possibility that the purchaser may forget the number, or quantity, or price of articles before he receives them, than the seller, who makes the entry immediately on the sale. But perhaps the strongest reason why the purchaser's books should not be admitted as against the seller, consists in the fact that it would be an additional inducement to dishonesty and fraud, which would thereby place the merchant, or seller, in the power of his debtor.

But this question was definitely settled in the case of Sommers v. McKim *et al.*, in 12 Serg. & Rawle, in which Chief Justice Tilghman says : "There was no plausible pretence for this evidence. It was not the defendant's business to keep an account for the plaintiffs. He might do it for his own satisfaction, but not for the purpose of fabricating evidence for himself;" and this case is referred to with approbation in Cowen & Hill's notes to Phillip's Evidence, 3 ed., page 308.

The above ruling was fully recognized by the Supreme Court of Pennsylvania, in the case of Keim v. Rush, 2 Watts & Serg., 379, and followed by this court in the case of Cole v. Dial, 8 Texas, 350 ; and this has been indirectly sanctioned in several cases since.

We must therefore decide that the admission of Miller's books, to prove the articles purchased by him from

Dailey, was such an error as will require the reversal of the judgment.

It is therefore ordered accordingly.

REVERSED AND REMANDED.